WATSON, Justice,
concurring in the remand:
In my view, remand of this matter does not imply that Duhon v. Petroleum Helicopters, Inc., 554 So.2d 1270 (La.App. 3rd Cir.1989), writ denied, 559 So.2d 1360 (La.1990), was correctly decided.
When there is a death on the high seas, the Death on the High Seas Act (DOHSA) preempts any conflicting state law. Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). There is a distinction between a pilot, who is performing a maritime transportation function, and a platform worker/plane passenger. See Smith v. Pan Air Corp., 684 F.2d 1102 (5th Cir.1982). The federal courts do not have exclusive jurisdiction over personal injuries on the outer continental shelf. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981). Strict liability under Louisiana’s codal law applies to injuries on the outer continental shelf off the shores of Louisiana. Olsen v. Shell Oil Company, 365 So.2d 1285 (La.1978).
The instant case, Green v. Industrial Helicopters, Inc., appears to have reached a correct resolution. LSA-C.C. art. 2317 applies to injuries received on the outer continental shelf off the coast of Louisiana.
I respectfully concur in the remand.